MARCH 3, 1954

**No. 57898.**—Imperial Gem Syndicate v. United States, protests 120447–K/578, etc. (Chicago).—

OLIVER, Chief Judge: This case was the subject of the decision in *Imperial Gem Syndicate* v. *United States*, 30 Cust. Ct. 428, Abstract 57262. The merchandise consisted of beads of tecali, a semiprecious stone, which the collector classified under the provision for beads in imitation of precious or semiprecious stones in paragraph 1503, carrying a duty assessment of 45 per centum ad valorem. The parties submitted the case on stipulated facts which were sufficient to establish a classification for the merchandise as beads, not specially provided for, under said paragraph 1503, and dutiable at only 35 per centum ad valorem. The conclusion sustained the claim alleged by plaintiff.

Plaintiff has moved for a rehearing for the purpose of amending each of the protests involved herein, and then offering additional proof toward establishing the claim to be made by the amendment. In other words, as stated in defendant's memorandum in opposition to this motion for rehearing: "Now, plaintiff's attorney moves for a rehearing, pleading that if he had made another claim and if he had proven different facts, the court would have given him an even better judgment than he received."

In presenting this motion for rehearing, plaintiff relies on rule 6 (c) of the Rules of the United States Customs Court (84 Treas. Dec. 190, T. D. 52255–A), which permits amendment to protests "at any time by leave of court, and such leave shall be freely given when justice so requires." Under the present circumstances, plaintiff is asking for leave to amend its protests after judgment has been rendered.

The Federal Rules of Civil Procedure (28 U. S. C. A.) include a provision permitting amendments of pleadings "even after judgment" (rule 15 (b)). Such amendments, however, "have the specific purpose of conforming the pleadings to issues raised by express or implied consent during the trial" (*Hart et al.* v. *Knox County et al.*, 79 Fed. Supp. 654). In the same case, the court, in further discussion of the said rule 15 (b), stated:

* * * It is a prime purpose of paragraph (b) to avoid the necessity of new trials because of procedural irregularities, not to set judgments aside and make new trials necessary. If this latter application of the rule were permitted, a losing party, by motions to amend and rehear, could keep a case in court indefinitely, trying one theory of recovery or defense after another, in the hope of finally hitting upon a successful one. Courts draw a dividing line between this use of amendment and those uses aimed at conformity. * * *

See also *Simms* v. *Andrews* (C. C. A. 10th Cir.), 118 Fed. (2d) 803, 807, and *Sears, Roebuck & Co.* v. *Marhenke* (C. C. A. 9th Cir.), 121 Fed. (2d) 598, 601.

The Court of Customs and Patent Appeals, in its recent opinion in the case of *United States* v. *U. S. Industrial Chemicals, Inc.,* Customs Appeal No. 4754, decided February 4, 1954 (not yet reported), had occasion to state that although the Federal Rules of Civil Procedure are not applicable to the Customs Court and the Court of Customs and Patent Appeals "it would seem that decisions thereunder involving analogous problems would be highly persuasive."

To grant plaintiff's motion for rehearing herein, in the light of the above-cited cases, would do violence not only to rule 6 (c) of the United States Customs Court but also to rule 15 (b) of the Federal Rules of Civil Procedure.

An order will be issued denying plaintiff's motion for rehearing.

### Concurring Memorandum

Mollison, Judge: I am constrained to concur with my colleagues in denying the motion herein for the reason that I do not believe that counsel has presented sufficient facts in the moving papers to establish that the motion has meritorious grounds which would justify the exercise of our discretionary powers in the matter. In so doing, however, I do not wish to be understood as agreeing that our power to afford relief after judgment is limited to situations wherein it is sought to conform pleadings to proof. I do not believe that our power is so limited, nor do I believe that it ought to be so limited.